UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-21640-CIV-HUCK/SIMONTON

ELSTON BRIAN DAVIS,

    Plaintiff,

vs.

FORD MOTOR COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS, STRIKE
## OR FOR A MORE DEFINITE STATEMENT

This matter is before the Court on Defendant, Ford Motor Company's ("Ford") Motion to Dismiss, Motion to Strike or Motion for More Definite Statement, filed June 27, 2007 (DE# 2). The Court has considered the Motion, to which Plaintiff filed no response.[1] The Court is duly advised in the premises.

## BACKGROUND

Plaintiff, Elston Brian Davis, is suing Ford for injuries he sustained in an accident while driving a 2001 Ford Explorer. On February 14, 2003, Plaintiff was driving his Explorer at a speed of approximately 45 miles per hour when he was forced to turn in order to avoid another vehicle. Plaintiff's Explorer rolled over and Plaintiff was seriously injured.

Plaintiff has sued Ford on two virtually identical Counts sounding in negligence. Both Counts allege (1) that Ford had a duty to design, manufacture and sell only safe vehicles that would not roll over in foreseeable circumstances; (2) that Ford breached that duty with its design, manufacture and sale of Plaintiff's Ford Explorer; (3) that such breach on Ford's part caused Plaintiff's Explorer to roll

---

[1] Pursuant to Local Rule 7.1(C)(1), Plaintiff's response to the Motion was due on or before Monday, July 16, 2007. Despite being contacted by Chambers on two occasions after that date, most recently on July 26, 2007, Plaintiff's counsel did not return the Court's calls regarding Plaintiff's lack of a response to the Motion. The Court reminds Plaintiff of his responsibility to respond to Motions filed against him in this action. Failure to do so may result in sanctions. Also, as a matter of professional responsibility and common courtesy, Plaintiff's counsel shall return the Court's telephone calls in the future.

over; and (4) that Plaintiff was badly injured as a result. The only difference between Count 1 and Count 2 is that Count 1 contains an additional allegation that Ford's conduct constituted a breach of an express or implied warranty of merchantability. Thus, it appears that Plaintiff's untitled Counts are for breach of warranty and negligence, respectively.

Ford has moved to dismiss Count 1 of the Complaint because, according to Ford, a cause of action for breach of warranty does not exist in a products liability case, absent contractual privity. In addition, Ford has moved to strike references to the doctrine of "*respondeat superior*" and to "Florida's dangerous instrumentality" doctrine from the Complaint. Ford argues that such concepts have nothing to do with this case and that Plaintiff's allegations concerning the same are "so vague or ambiguous that [Ford] cannot reasonably be required to frame a responsive pleading."

**STANDARD ON MOTION TO DISMISS**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)(quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hummings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Systems, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(citations omitted); *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1983). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted. *M/V Sea Lion V v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994)(citations omitted). Nevertheless, to survive a motion to dismiss, plaintiff must do more than merely "label" his claims. *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## ANALYSIS

Ford first argues that Plaintiff's untitled Count I contains an improper claim for breach of implied warranty. The Court agrees. Ford correctly notes that, in cases where there is no privity of contract between a plaintiff and defendant, the Florida Supreme Court has eliminated the cause of action of breach of implied warranty in favor of the action of strict liability in tort. *See Kramer v. Piper Aircraft Corp.*, 520 So.2d 37, 39 (Fla. 1988)(construing *West v. Caterpillar Tractor Co.*, 336 So.2d 80 (Fla.1976)). The abolishment of breach of implied warranty in cases where there is no contractual privity is simply a change in nomenclature based on the theory that warranty law is based on contract principles while the obligation imposed upon a manufacturer "is in the nature of enterprise liability and should not be governed by the law of sales." *Id*. "[A] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *West*, 336 So.2d at 92. Plaintiff here does not allege a contractual relationship with Ford. Nevertheless, Plaintiff claims a breach of implied warranty. Pursuant to the Florida Supreme Court's holding in *West*, as clarified in *Kramer*, such a cause of action cannot stand absent contractual privity. Accordingly, Count 1 must be dismissed insofar it purports to state a cause of action of breach of implied warranty.

Plaintiff, however, does not limit Count 1 to breach of implied warranty.[2] Plaintiff alleges that Ford's alleged conduct alternatively amounts to a breach of an *express* warranty of merchantability. Under Florida law, express warranties are governed by the State's adoption of the Uniform Commercial Code, particularly § 672.313, Florida Statutes. In *Dunham-Bush, Inc. v. Therom-Air Service, Inc*., Florida's Fourth District Court of Appeal stated that :

> In order to properly plead a cause of action for breach of warranties under the Florida Uniform Commercial Code a complaint should contain at least the following allegations:
>
> 1) Facts in respect to the sale of the goods;

---

[2] To the extent that Plaintiff claims both a breach of an implied warranty and a breach of an express warranty, such claims should be pled in separate counts pursuant to Rule 10(b), Federal Rules of Civil Procedure. Rule 10(b) states that "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."

    2) Identification of the types of warranties created, i. e. express warranty (Section 672.313, Florida Statutes (1975)); implied warranty of merchantability (Section 672.314, Florida Statutes (1975)); implied warranty of fitness for a particular purpose (Section 672.315, Florida Statutes (1975));

    3) Facts in respect to the creation of the particular warranty. For example, in the case of an implied warranty of fitness for a particular purpose, the complaint should allege that the seller had reason to know the particular purpose for which the goods were purchased by the buyer and that the buyer relied on the seller's judgment in providing suitable goods. Section 672.315, Florida Statutes (1975);

    4) Facts in respect to the breach of the warranty;

    5) Notice to seller of breach. Section 672.607(3)(a), Florida Statutes (1975);

    6) The injuries sustained by the buyer as a result of the breach of warranty.

*Id*. at 353.

    Although fact-based pleading is not required in federal diversity cases, even where otherwise required under state procedure (*see Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Taylor v. American Honda Motor Co.*, Inc., 555 F.Supp. 59, fn. 3 (M.D.Fla.1982); Rule 8(a), Fed. R. Civ. P.), the Court finds that Plaintiff's bare allegation that Ford's allegedly negligent conduct amounted to a breach of an express warranty fails to satisfy even the liberal notice-based pleading requirements of Federal Rule 8(a). Plaintiff does not allege a transaction governed by Florida's Commercial Code, nor does he allege any facts as to the creation or nature of the express warranty upon which he relies. A defendant faced with such an allegation cannot reasonably be required to frame a responsive pleading. Accordingly, Count 1 must also be dismissed insofar as it purports to state a cause of action for breach of express warranty.

    Finally, Ford takes issue with Plaintiff's reference to the doctrines of *respondeat superior* and dangerous instrumentality. Under the doctrine of *respondeat superior*, an employer can be held liable for the tortious or criminal acts of its employee if the acts were committed during the course of the employment and to further a purpose or interest of the employer. *See Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So.2d 353, 356 (Fla 3d DCA 2001)(citations omitted). Here, Plaintiff is technically not attempting to hold Ford vicariously liable for a tort or crime committed by one of its

employees, but instead directly liable as the manufacturer of a defective or dangerous product under a theory of products liability. Nevertheless, since Ford acts through its employees and agents, the Court finds that Plaintiff's reference to the doctrine of *respondeat superior*, while superfluous and unnecessary, is not prejudicial to Ford. Plaintiff's reliance on Florida's dangerous instrumentality doctrine, however, is totally misplaced. That doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another. *See Southern Cotton Oil Co. v. Anderson*, 86 So. 629, 632 (1920). Florida's dangerous instrumentality doctrine has no application in this case. Accordingly, Ford's Motion to Strike Plaintiff's references to the doctrine dangerous instrumentality is GRANTED.

## CONCLUSION

For the reasons and authorities cited above, it is hereby

ORDERED that Ford's Motion to Dismiss and/or Strike is GRANTED in part and DENIED in part, as provided above. Count I of Plaintiff's Complaint is DISMISSED without prejudice, with leave to amend. All references to Florida's dangerous instrumentality doctrine in the Complaint are STRICKEN. If Plaintiff intends to amend his complaint, he shall do so on or before August 8, 2007.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of July, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record